

Craig C. Marchiando, Esq.
craig@clalegal.com

763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Phone 757.930.3660
Fax 757.930.3662

November 22, 2023

**VIA ECF**

Hon. Jesse N. Furman
U.S. District Judge
U.S. District Court – S.D.N.Y.
40 Foley Square
Brooklyn, NY 11201

      **Re:**     *Potapova v. Toyota Motor Credit Corp.*
      **Index:**  1:23-cv-00571-JMF

Your Honor:

      Pursuant to Section 3.E. of the Court's Individual Rules and Practices in Civil Cases, Plaintiff requests a discovery conference to resolve a dispute about Toyota's financial condition. Counsel for the Plaintiff and Toyota met and conferred on November 22, 2023, but were unable to resolve the dispute because Toyota has rejected all attempts at compromise and offered none in return. Plaintiff therefore requests the Court convene an informal conference to aid in resolving the dispute.

**I.**     **Background And Nature of the Dispute.**

      This is a Fair Credit Reporting Act ("FCRA") case involving the theft of Plaintiff's identity. A fraudster used Plaintiff's personal information to include her as a co-signor on a Lexus lease and was unable to make the payments, resulting in a repossession and charge-off of the account. That derogatory reporting appeared on Plaintiff's credit, and she repeatedly disputed the inaccuracies with Toyota directly and through the Big-3 credit bureaus. Plaintiff alleges Toyota failed to reasonably investigate those disputes, perpetuating the inaccurate reporting. Plaintiff seeks her actual damages, punitive damages, and attorneys' fees and costs resulting from Toyota's failures. (ECF 1 ¶¶ 45–64.)

      As the Court may recall, the Parties agreed to take depositions outside the discovery period. Toyota took Plaintiff's deposition, and Plaintiff took one deposition of a Toyota witness under Rule 30(b)(1), and of Toyota's corporate representative under Rule 30(b)(6). A disagreement during the Rule 30(b)(6) deposition is the genesis of this letter Motion.

Plaintiff served a proper Rule 30(b)(6) Deposition Notice on Toyota, with one topic of examination being "TMCC's net worth, including financial statements for 2022." Toyota did not seek or obtain a protective order limiting any of the testimony of its witness.

The Rule 30(b)(6) deposition occurred on November 16, 2023, during which Plaintiff's Counsel introduced Toyota's June 30, 2022 Securities and Exchange Commission Form 10-Q, which Counsel obtained from Toyota's internet website. Counsel for Toyota objected profusely, arguing that it was inappropriate to question the witness about the document despite that Toyota created it, filed it with the SEC, and placed on its own website for anyone to access. Counsel also threatened to instruct the witness not to answer questions about the document "if any of the questions are inappropriate."

Toyota's witness was unprepared to answer questions about the Form 10-Q, and Counsel for Toyota stated the witness would not answer any further questions about that document. Leaving aside the form 10-Q, the witness was still unable to answer questions about Toyota's net worth, even stating his complete ignorance on the subject. Toyota did not present another witness to testify about its net worth.

Toyota's net worth is a valid and relevant area of discovery because Plaintiff has alleged willful violations of the FCRA. *See Garland v. Fid. Cap. Holdings, Inc*., No. 1:21-cv-947 JRR, 2023 WL 4361484, at *9 n.7 (D. Md. July 6, 2023), *report & recommendation adopted*, No. 1:21-cv-947 JRR, 2023 WL 7548095 (D. Md. Oct. 13, 2023) ("Plaintiff has presented information to suggest that FCH is in sound financial condition. This information would be relevant to determining an appropriate amount of punitive damages to award if such an award was justified in this case under 15 U.S.C. § 1681n(a)(2)."); *Cardona v. Vivint Solar, Inc*., No. 8:18-cv-2838-T-24-JSS, 2020 WL 5902170, at *2 (M.D. Fla. Aug. 24, 2020) ("[I]t is would [sic] be manifestly unjust to preclude Plaintiffs from obtaining at least some financial information from Mosaic, given that Plaintiffs timely requested the information and it is unquestionably relevant to their claims that Mosaic willfully violated the FCRA."); *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 258 (4th Cir. 2017) (affirming consideration of parent company's Form 10-K in assessing award of punitive damages, as parent company's "filings were sufficiently related to Ocwen's finances to be relevant for determining the appropriate amount of punitive damages").[1]

## II.  Discussion.

### A.  Applicable Legal Standards.

It is beyond settled that "Rule 30(b)(6) requires that a corporate deponent 'make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.'" *Lehal v. United States Marshal Serv*., No. 13-cv-03923 (DF), 2017 WL 4862781, at *2 (S.D.N.Y. Oct. 17, 2017) (quoting *Reilly v. Natwest Markets Grp. Inc*., 181 F.3d 253, 268 (2d Cir. 1999)). The Rule requires that the corporation educate the witness in areas of examination for which the witness lacks personal knowledge. *Id.* The level of preparation must be sufficient that

---

[1] Because Plaintiff served a valid Rule 30(b)(6) notice and Toyota did not obtain a protective order limiting the testimony as to net worth and financial condition, Toyota has waived any objections about relevance, proportionality, or anything else relating to the ability of Plaintiff to have testimony on this topic.

the witness can "give knowledgeable answers," and corporations can alleviate some potential difficulties by presenting multiple witnesses to testify as to different topics. *Id.* at *3. Failing to properly prepare a witness on a topic "'is tantamount to a failure to appear.'" *Id.* at *2.

Rule 37(c)(1) permits the Court to sanction a party where a Rule 30(b)(6) witness is unprepared. FED. R. CIV. P. 37(d)(1)(A)(i) ("The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition."). Objections to the discovery sought do not excuse the corporation from its obligation to present a prepared witness, and the only relief for such failure to appear is where "the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2). Toyota filed no such motion here.

   **B.**   **Plaintiff's Attempts At Compromise.**

Off the record at the deposition and again on November 22, 2023, Plaintiff's Counsel offered several proposals as a compromise and to avoid the need to involve the Court in this dispute:

- Toyota stipulate to its net worth, within a range of realistic and good-faith figures;
- Toyota produce to Plaintiff the Form 10-Q, so that any objections as to hearsay or authenticity are moot; and
- Toyota produce an appropriate witness to testify as to net worth.

Toyota rejected all of these proposals, asserting long-waived objections as to relevance, proportionality, and the supposed confidentiality of such information, as well as its confidence that Plaintiff would not prevail on willfulness. Toyota offered no option to resolve this dispute and avoid this Motion. Plaintiff therefore has no choice but to seek the Court's intervention.

**III.   Conclusion.**

Toyota had an obligation under Rule 30(b)(6) to present a properly prepared witness to testify as to its net worth and financial condition, yet Toyota failed to do that. The Court should therefore compel Toyota to provide to Plaintiff its form 10-Q or 10-K, and present a witness to testify about Toyota's financial condition as soon as the Parties' schedules permit. Alternatively, Plaintiff would agree to a stipulation as to Toyota's net worth as described just above.

Plaintiff requests an informal telephone conference to discuss these issues as soon as the Court's calendar may accommodate one.

Respectfully,

*/s/ Craig C. Marchiando*
Craig C. Marchiando

cc:   counsel of record

Under the Court's Individual Rules and Practices, Toyota had until yesterday to file any opposition to this letter motion.  Accordingly, the letter motion is GRANTED as unopposed.  (On top of that, Toyota previously waived any objections to questions on the issue by not objecting to Plaintiff's Rule 30(b)(6) notice.)  Toyota shall provide the information to Plaintiff in one of the three ways proposed above no later than December 7, 2023, under pain of sanctions.  The Clerk of Court is directed to terminate Docket No. 32.  SO ORDERED.

November 30, 2023