UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                  :

IULIIA POTAPOVA,                                           :

                                       Plaintiff,                 :
                                                                             :                      23-CV-571 (JMF)
                              -v-                           :
                                                                             :               MEMORANDUM OPINION
TOYOTA MOTOR CREDIT CORPORATION,      :                 AND ORDER
                                                                             :
                                   Defendant.             :
                                                                             :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Trial in this case, brought by Iuliia Potapova against Toyota Motor Credit Corporation ("TMCC") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a-2(b) *et seq.*, and familiarity with which is assumed, is scheduled to begin on May 6, 2025. *See* ECF No. 79; *see also Potapova v. Toyota Motor Credit Corp.*, No. 23-CV-571 (JMF), 2024 WL 4026216 (S.D.N.Y. Sept. 3, 2024) (denying TMCC's motion for summary judgment). In advance of trial, each side has filed motions *in limine*. *See* ECF Nos. 66, 67. The Court rules on these motions as follows.

### PLAINTIFF'S MOTIONS *IN LIMINE*

- **Plaintiff's Motion *in Limine* #1 (to preclude any argument, discussion, or evidence regarding the investigation that Christopher Blunt or anyone in TMCC's Fraud Department conducted):** To the extent that there is evidence — including, for example, evidence of routine practice, *see* Fed. R. Evid. 406 — from which a jury could find that TMCC considered the Blunt investigation in connection with its investigation of an Automated Credit Dispute Verification ("ACDV"), the former would plainly be relevant to the reasonableness of the latter, and its probative value would not be substantially outweighed by any Rule 403 concern. Accordingly, the motion must be and is denied on that basis.[1] The law-of-the-case doctrine does

---

[1] TMCC argues in its opposition to Plaintiff's motion that the Blunt investigation is also relevant to "whether . . . the challenged credit information was incomplete or inaccurate." ECF No. 86 ("Def.'s Opp'n"), at 1. That is perhaps true, but only if the statements of the third parties

not call for a different result, as the Court's ruling on summary judgment was explicitly based on "the record" at that time, *Potapova*, 2024 WL 4026216, at *2, and TMCC is not precluded from filling the evidentiary gap at trial. The Court did not *grant* summary judgment *to Plaintiff*; it merely *denied TMCC's* motion.

- **Plaintiff's Motion *in Limine* #2 (to preclude any argument, discussion, or evidence regarding Mr. Blunt's notes about statements made by the police or dealership):** As noted, *see supra* note 1, Plaintiff's motion would have merit if Blunt's notes were offered to prove that Plaintiff was not actually the victim of identity theft. But to the extent that Blunt's notes are offered, and admitted, as evidence of an investigation that TMCC conducted pursuant to an ACDV, the statements within Blunt's notes would be admissible as evidence of that investigation and/or for the effect on the listener, not for their truth (and the Court would so instruct the jury). *See, e.g.*, *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay."). With that understanding, the motion is denied.

- **Plaintiff's Motion *in Limine* #3 (to preclude any argument, discussion, or evidence that Plaintiff must prove she was the victim of identity theft to prevail on her claims):** The motion is denied, substantially for the reasons set forth in TMCC's opposition. *See* Def.'s Opp'n 9-12. As the Court noted in its summary judgment ruling, Plaintiff bears the burden of proving that her challenged credit information was "incomplete or inaccurate." *Potapova*, 2024 WL 4026216, at *1. The gravamen of her claim here is that the information was inaccurate precisely because she was the victim of identity theft. *See, e.g.*, ECF No. 1 ("Compl."), ¶ 28 ("The information furnished by TMCC to Experian, was at all times inaccurate. Plaintiff's identity was stolen to open this account."). It follows that Plaintiff does, in fact, have to prove that she was the victim of identity theft to prevail on her FCRA claim.

- **Plaintiff's Motion *in Limine* #4 (to preclude discussion and evidence that TMCC had an interpretation of the FCRA that supports its procedures for processing credit-reporting disputes):** The motion is denied, substantially for the reasons set forth in TMCC's opposition. *See* Def.'s Opp'n 12-15.

- **Plaintiff's Motion *in Limine* #5 (to preclude reference to Plaintiff's settlement with any other entity):** The motion is denied as unripe and premature in light of Plaintiff's representation that there are "currently" no settlements between her "and other entities." Pl.'s Mem. 12. If Plaintiff reaches a settlement before trial *and* TMCC wishes to offer evidence of such settlement, then TMCC must provide sufficient advance notice to Plaintiff and the Court of its intent to do so.

---

memorialized in Blunt's notes are offered for their truth, in which case they would — as Plaintiff argues in her second motion *in limine* — constitute inadmissible hearsay. *See* ECF No. 66 ("Pl.'s Mem."), at 6-8. Accordingly, the Court rejects that argument.

- **Plaintiff's Motion *in Limine* #6 (to preclude reference any other litigation involving Plaintiff):** The motion is granted substantially for the reasons set forth in Plaintiff's memorandum. *See* Pl.'s Mem. 14. At best, the probative value of such evidence is limited and is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, undue delay, and waste of time. *See* Fed. R. Evid. 403; *see, e.g., Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("[A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." (cleaned up)).

- **Plaintiff's Motion *in Limine* #7 (to preclude reference to the number or nature of cases handled by Plaintiff's attorneys or their law firms):** The motion is granted, substantially for the reasons set forth in Plaintiff's memorandum. *See* Pl.'s Mem. 15. Put simply, counsel's experience handling other matters is not relevant to the issues in dispute. *See* Fed. R. Evid. 401-402. To the extent it is relevant, any probative value of such evidence is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, undue delay, and waste of time. *See* Fed. R. Evid. 403.

### DEFENDANT'S MOTIONS *IN LIMINE*

- **Defendant's Motion *in Limine* #1 (to preclude evidence or argument in support of Plaintiff's claim for actual and economic damages):** The motion is denied, substantially for the reasons set forth in Plaintiff's opposition. *See* ECF No. 85 ("Pl.'s Opp'n"), at 5-13. Put simply, TMCC's motion is a meritless (and belated) effort to relitigate an issue on which the Court ruled in its opinion denying TMCC's motion for summary judgment. *See Potapova*, 2024 WL 4026216, at *2.

- **Defendant's Motion *in Limine* #2 (to preclude evidence or argument regarding what TMCC knew or should have known at the time of the lease agreement):** The motion is denied, substantially for the reasons set forth in Plaintiff's opposition. *See* Pl.'s Opp'n 14-15. The Court will take steps to ensure that the focus of the trial is on the reasonableness (or lack thereof) of TMCC's investigations of the ACDVs, not the reasonableness of whatever TMCC did (or did not do) when it accepted the lease agreement in the first instance. That said, evidence of the latter — namely, what TMCC did (or did not) have in its files — may speak to the former. Assuming that such evidence is limited, TMCC's Rule 403 concerns can be addressed through proper limiting instructions to the jury.

- **Defendant's Motion *in Limine* #3 (to preclude evidence or argument regarding the status of the vehicle, including references to repossession, sale, or remaining balance):** The motion is granted, substantially for the reasons set forth in TMCC's memorandum of law. *See* ECF No. 67 ("Def.'s Mem."), at 12-14. Put simply, what happened to the vehicle *after* TMCC's investigation of the ACDVs has limited or no relevance to the issues in dispute. Any probative value would be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and waste of

time, as TMCC would be entitled to introduce evidence of the entirely unrelated business and legal reasons for the actions it did (or did not) take.

- **Defendant's Motion *in Limine* #4 (to preclude evidence or argument regarding the ACDV reports and block reports as to Buyer Sanat Yarmukhamedov as well as Yarmukhamedov's financial difficulties):** The Court reserves judgment pending discussion with the parties at the final pretrial conference on May 1, 2025.

- **Defendant's Motion *in Limine* #5 (to preclude evidence or argument that TMCC must show offer, acceptance, consideration, mutual assent and intent to be bound regarding the lease agreement):** The motion is denied as moot based on Plaintiff's representation that she "will not argue that [TMCC] must prove the elements of a contract" as part of its defense. *See* Pl.'s Opp'n 19-20. To be clear, that does not preclude Plaintiff from offering evidence that she never signed or agreed to the lease agreement — as that is central to her claim that she was a victim of identity theft and that her credit information was inaccurate.

*      *      *      *

The Clerk of Court is directed to terminate ECF Nos. 66, 67.

SO ORDERED.

Dated: April 22, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4